Common Pleas Court of Hamilton County.

EDWIN F. WOODLE V. INTERSTATE FOLDING BOX CO.

Decided June 22, 1933.

*Frost & Jacobs,* for plaintiff.
*Leonard Freiberg,* for defendant.

MATTHEWS, J.

This action now comes before the court on the defendant's motion to dismiss this action without prejudice for failure to prosecute.

The real question is whether the plaintiff has complied with the court's order striking certain allegations from the petition with leave to plead in conformity to the order striking out. After the order striking out was entered an amended petition was filed, which, on motion, was stricken from the files. A second amended petition is on file. It is the contention of the defendant that this second amended petition contains the same allegations that were stricken out of the original petition and the presence of which in the amended petition caused the court to order it stricken from the files. The plaintiff contends that while some, and possibly all, of those allegations are in the second amended petition, they are supplemented by other allegations which give to them a different legal import, and for that reason

the filing of the second amended petition is an appropriate pleading in compliance with the former order of the court. The plaintiff admits that the second amended petition is substantially the same as the amended petition, but in that connection asks the court to re-examine the basis of its ruling striking that pleading from the files. This, of course, a court is always willing to do to the extent necessary in order to arrive at a correct conclusion.

No matter to what extent the original allegations may be changed to enlarge the obligations of the plaintiff under the bilateral contract sued upon, the plaintiff does not strengthen his case against the defendant thereby. He can only recover on the broken promises of the defendant which constitute the consideration for the promises, restricted or enlarged, executed or executory, of the plaintiff. Now the consideration stipulated in the contract, as alleged in all the pleadings, was the promise of the defendant, as follows:

"The defendant company in consideration thereof, agreed to pay to the plaintiff a sufficient income to enable him to be married by the month of June, 1931, and agreed to retain the plaintiff in its employ with such assured income sufficient to enable him to maintain a home for a period of not less than nine months as hereinbefore set forth. Plaintiff says that under said agreement the defendant company agreed to pay him for the nine months' period the following compensation:

"Fifty ($50.00) dollars per week during the first three (3) months of said employ;

"Sixty ($60.00) dollars per week during the next three (3) months; and

"Seventy-five ($75.00) dollars per week during the following three (3) months.

"Plaintiff says that it was agreed by and between the plaintiff and defendant that no less than sixty ($60.00) dollars per week would be required by the plaintiff for the purpose of establishing and maintaining his home in the city of Cincinnati and that the defendant agreed to pay said amount beginning with the 1st day of June, 1931. Defendant further agreed that following the expiration of said nine months' period the plaintiff's salary, should he be retained, would be fixed and increased accordingly as his services became more valuable to the defendant company."

The employment began on March 1st, 1931.

All that the defendant agreed to do was to pay the salary for the nine months commencing March 1st, 1931. It did not agree to employ him for a longer period of pay him a salary for a longer period. Can the obligation of the defendant under the terms of this contract be made to include the duty to respond in damages to compensate the plaintiff for losing the law practice and residence in Cleveland, which he abandoned to perform his obligations under this contract, and also to include the duty to compensate the plaintiff for his humiliation, distress and embarrassment resulting from the postponement of his marriage.

That the loss occasioned by abandonment of his law practice and residence cannot be used to augment the damage beyond the consideration stated in the contract is clear under the rule stated in Vol. 1, of Restatement of the Law of Contracts (Sec. 333) p. 525, as follows:

"The amount of the plaintiff's expenditure, reasonably made in performance of the contract or in necessary preparation therefor, is included in compensatory damages, with the following limitations:

"(a) Such expenditures are not recoverable *in excess of the full contract price promised* by the defendant.

"(b) Expenditures in preparation are not recoverable unless they can fairly be regarded as part of the cost of performance in estimating profit and loss."

In the Ohio Annotations to this statement it is said:

"This section is in accord with the law of Ohio."

It seems equally clear that damages beyond the consideration stated in the contract cannot be awarded as compensation for humiliation, distress and embarrassment resulting from the postponement of the marriage. Such damage was not in the contemplation of the parties and was not the natural and usual result flowing from such a breach.

The court is of the opinion that the motion to strike out was properly sustained and that the motion to strike the amended petition from the files was also properly sustained.

The court is also of the opinion that the second amended petition should be stricken from the files.

An order may be entered granting the plaintiff leave to

present within ten days an amended petition for filing in conformity to the former order of the court, and that failing so to do this action be dismissed for want of prosecution.